UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADALE L. WILLIAMS,<br><br>                              Petitioner,<br><br>  v.<br><br>HEDGPETH, A., Warden,<br><br>                              Respondent. | Civil No.   09cv2611-DMS (WVG)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner has neither paid the $5.00 filing fee nor filed a motion to proceed in forma pauperis.

Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice for failing to satisfy the filing fee requirement. See Rule 3(a), 28 U.S.C. foll. § 2254.

This action is also subject to dismissal because Petitioner has not alleged exhaustion of his state court remedies. Federal habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34.  Moreover, to properly

1 exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." <u>Id.</u> at 366 (emphasis added).

Nowhere in the Petition does Petitioner allege that he has raised his claims in the California Supreme Court. Instead, he indicates that he has exhausted his administrative remedies by pursuing his claims though the prison administrative grievance procedures. (Pet. at 5d.) If Petitioner has raised his claims in the California Supreme Court he must so specify. The burden of proving that a claim has been exhausted lies with the petitioner. <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1981).

Moreover, the Court notes that Petitioner presents a claim regarding the conditions of his confinement. Petitioner alleges that the refusal of prison authorities to change his single-cell status due to his sexual orientation violates his Fourteenth Amendment right to equal protection. (Pet. at 5-5f.) He requests the Court to order the restoration of his contact visits, that his prison file be changed to eliminate documentation relating to his "R" and "S" suffix status which will allow him to be double-celled, and reinstatement of full program eligibility status. (<u>Id.</u> at 5f-5g.)

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-500 (1973). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. <u>Id.</u> at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact

1  or length of his custody.  Id. at 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809,
2  811-12 (10th Cir. 1997).  It appears that Petitioner may wish to present his claims in a complaint
3  pursuant to 42 U.S.C. § 1983, which generally does not require exhaustion of state court
4  remedies.  Patsy v. Board of Regents, 457 U.S. 496, 507 (1982).

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** this case without prejudice for failure to satisfy the filing fee requirement and failure to allege exhaustion of state court remedies.  If Petitioner wishes to proceed with this habeas action, he must satisfy the filing fee requirement **and** file a First Amended Petition which cures the defects identified in this Order **on or before January 11, 2009.**  Petitioner is cautioned that if he has failed to allege exhaustion of his state court remedies with respect to his claims on or before January 11, 2009, and still wishes to pursue his claims through habeas corpus in this Court, he will be required to file a new habeas petition which will be given a new civil case number.  The dismissal is also without prejudice to Petitioner to file a separate civil rights Complaint pursuant to 42 U.S.C. § 1983, if he wishes, which will be given a separate civil case number.

**IT IS SO ORDERED.**

DATED:  December 1, 2009

_____
HON. DANA M. SABRAW
United States District Judge

CC: ALL PARTIES