UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADALE L. WILLIAMS,<br><br>                                    Petitioner,<br><br>    v.<br><br>HEDGPETH, A., Warden,<br><br>                                    Respondent. | Civil No.   09cv2611-DMS (WVG)<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME AND DIRECTING ENTRY OF FINAL JUDGMENT** |

On November 4, 2009, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the District Court for the Eastern District of California. (Doc. No. 1) The case was subsequently transferred to this Court because Petitioner appeared to be challenging a disciplinary proceeding which occurred while he was confined in the Southern District of California. (Doc. No. 2.)

On December 1, 2009, the Court dismissed the Petition without prejudice because Petitioner had failed to satisfy the filing fee requirement, and had failed to allege exhaustion of state court remedies as to any claim presented in the Petition. (Doc. No. 6.) The Petition was dismissed without prejudice to Petitioner to file a First Amended Petition which alleged exhaustion of his state court remedies on or before January 11, 2010, and requiring him to satisfy the filing fee provision by that date. (See 12/1/09 Order at 1-3.) Petitioner was specifically warned that if he was unable to allege exhaustion of his state court remedies by January 11, 2010, and he still wished to pursue his claims in a habeas petition, he would have to start over

1  by filing a new petition which would be assigned a new civil case number. (See id. at 3.) In
2  addition, because it appeared that Petitioner had not even attempted to exhaust his state court
3  remedies prior to initiating this action, and appeared to be presenting a claim challenging the
4  conditions of his confinement rather than his continued incarceration, the dismissal was without
5  prejudice to Petitioner to present his claims in a complaint pursuant to 42 U.S.C. § 1983, which
6  generally does not require exhaustion of state court remedies.[1] (See id. at 2-3.)

7  On December 17, 2009, Petitioner submitted a copy of his inmate trust account, which
8  demonstrated that he had no funds on account at the institution where he was housed, apparently
9  in an attempt to demonstrate his inability to pay the filing fee. (Doc. No. 7.) Rather than file
10 an amended petition alleging exhaustion of state court remedies, however, he filed the instant
11 Motion for an Extension of Time. (Doc. No. 8.)

12 Because Petitioner does not appear to be challenging his continued incarceration, and
13 because it appears that he failed to exhaust his state court remedies prior to initiating this action,
14 Petitioner has not demonstrated good cause for an extension of time to file an amended petition.[2]
15 Rather, Petitioner was warned that failure to allege exhaustion of state court remedies by January
16 11, 2010, would result in his having to initiate new habeas proceedings if he wished to proceed
17 pursuant to § 2254, or to initiate a civil rights complaint if he wished to proceed with his claims
18 pursuant to § 1983.

---

[1] Petitioner appears to allege that the refusal of prison authorities to change his single-cell status due to his sexual orientation violates his Fourteenth Amendment right to equal protection. (Pet. at 5-5f.) Petitioner was informed that challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, whereas challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 488-500 (1973). Petitioner was also informed that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Id. at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. Id. at 499.

[2] Petitioner apparently presented his claim to the state supreme court in response to the dismissal of this action. According to the California Supreme Court website, Petitioner filed a habeas petition on December 15, 2009. See http://www.courtinfo.ca.gov (last visited Feb. 26, 2010); see also Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (court may take judicial notice of relevant state court documents).

## **CONCLUSION AND ORDER**

Based on the foregoing, the Court **DENIES** Petitioner's Motion for an Extension of Time. [Doc. No. 8]. This action **REMAINS DISMISSED** without prejudice for the reasons set forth in the Court's December 1, 2009 Order of dismissal. Furthermore, because Petitioner did not amend his petition in a timely manner, and for the reasons set forth above and in the Court's December 1, 2009 Order of dismissal, the Clerk is **DIRECTED** to enter final judgment of dismissal of this case without prejudice. Petitioner remains free to present his claims in a new action pursuant to 28 U.S.C. § 2254, or 42 U.S.C. § 1983, if he wishes, which will be given a separate civil case number.

**IT IS SO ORDERED.**

DATED: March 1, 2010

_____
HON. DANA M. SABRAW
United States District Judge

CC:	ALL PARTIES